## EDGAR *v.* GREER.

Section three of the act entitled "an act relating to evidence," approved January 24, 1853, adopts the rule of the commercial law, in relation to the presentment of bills and notes for payment, and repeals the rule upon that subject laid down by section 957 of the Code.

The presentment of a bill of exchange or promissory note, for payment, before the last day of grace, is premature, the instrument not being due until then.

Where two statutes upon the same subject matter conflict, the one last enacted must have precedence.

An action on a promissory note, dated June 16, 1857, payable three months after date, against the makers and indorser. The petition avers presentment to the makers and demand of payment, and protest and notice to the indorser, on the 17th of September, 1857. Demurrer to the petition, for the reason that the note was presented, protested, and notice of non-payment given, before it was due, which was sustained; *Held*, That the demurrer was properly sustained.

*Appeal from the Mahaska District Court.*

TUESDAY, JUNE 7.

TRACY and Stephenson made their note, dated June 16th, 1857, due in three months, to Greer, or order, who, on the same day, assigned the same to plaintiff. This action is brought against the makers and indorser. The petition avers that on the 17th of September, 1857, said note was presented to the makers, and payment thereof demanded, which was refused; and that the said note was then protested for non-payment, and on the same day, notice of said presentment and non-payment given to said Greer. To this petition, there was a demurrer by Greer, for the reason

in substance, that the note was presented, protested, and notice of non-payment given, before it was due. This demurrer was sustained, and plaintiff appeals.

*Seevers, Williams & Seevers*, for the appellant.

*H. C. Henderson*, for the appellee.

WRIGHT, C. J.—This case involves the construction of section 957 of the Code, and section 3 of chapter 108 of the Laws of 1853. The first provides that "three days grace are allowed on bills of exchange, according to the custom of merchants, but not on any other instruments, and a demand at any time during the three days grace, will be sufficient, for the purpose of charging the indorser." The third section of the act of 1852–3 is: "Grace shall be allowed upon bills and notes, executed, or payable within this state, according to the principles of the law merchant, and notice of non-acceptance, or non-payment, or both, shall be required according to the principles of the commercial law."

In *Goodpaster* v. *Voris et al.*, *ante* 334, it is held that the holder of a negotiable note, assigned during the three days of grace, would be protected against defenses by the maker, to the same extent as if assigned before that time. And the general rule of the commercial law, is stated by Mr. Parsons thus: "In this country, all negotiable paper payable at a time certain, is entitled to grace, which here means three days delay of payment, unless it be expressly stated and agreed that there shall be no grace; and a presentment for payment before the last day of grace, is premature, the note not being due until then." Parsons Mercantile Law, 106; *Mitchell* v. *Degrand*, 1 Mason, 176; *Griffith* v. *Goff*, 12 Johnson, 423; *Miffin* v. *Roberts*, 1 Esp. R., 262; Chitty on Bills, 402, 410, 573.

That this would be the rule in this state, since the act of 1852–3, is admitted, unless the section of the Code quoted, is still in force, as to the time of demand. The act of 1852–3 placed negotiable promissory notes, upon the same foot-

ing as to demand and notice, as bills of exchange under the Code. If it had stopped here, there would have been no difficulty, for then, notice at any time during the three days of grace, would have been sufficient to charge the indorser. But the language of the act further is, that "notice of non-acceptance, or non-payment, or both, shall be required according to the principles of the commercial law." One rule, or principle, of this law, as we have seen, is that a presentment for payment before the last day of grace, is premature, the note not being due until then. The conclusion follows, therefore, that the act of 1852–3, adopts the rule of the commercial law, and that that of the Code, (section 957), upon this subject, is repealed. If the last act referred to notes alone, both might stand—the Code referring alone to bills of exchange. The principles of the commercial law govern, however, since the law of 1852, and apply to both notes and bills. The two laws conflict, and because of this conflict, the last must have precedence. It is as if the last law had read, "demand and notice after the three days of grace only, according to the principles of the commercial law, will be sufficient to charge the indorser."

Judgment affirmed.